**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND**
(Greenbelt Division)

| | |
|---|---|
| In re: : | |
| : | |
| AHMAD W. TAHERI and : | Case No. 21-1-7532-MR |
| MAHDIA Z. TAHERI, : | Chapter 13 |
|                Debtors. : | |
| : | |

**TRUSTEE'S OBJECTION TO DEBTORS'
CHAPTER 13 PLAN DATED DECEMBER 29, 2021**

Timothy P. Branigan, Chapter 13 trustee in the above-captioned case ("Trustee"), pursuant to section 1325 of the Bankruptcy Code and Bankruptcy Rule 3015(f) objects to confirmation of the Debtors' Chapter 13 plan dated December 29, 2021 (the "Plan"). In support of his opposition, the Trustee respectfully represents the following:

1. The Debtors commenced this case under Chapter 13 on December 1, 2021. The Plan proposes to pay $100.00 monthly for 60 months for a gross funding of $6,000.00.

2. The Debtors' Form 122C reflects that the Debtors have excess monthly income of $1,305.64. The Plan fails to provide that all of the Debtors' projected disposable income will be applied to make payments to unsecured creditors under the Plan. The Plan does not satisfy the requirements of section 1325(b)(1)(B) of the Bankruptcy Code.

3. The Trustee verified Mahdia Taheri's net monthly income to be $11.120.72 at the meeting of creditors. The Plan fails to provide that all of the Debtors' projected disposable income will be applied to make payments to unsecured creditors under the Plan. The Plan does not satisfy the requirements of section 1325(b)(1)(B) of the Bankruptcy Code.

4. The Debtors have failed to provide 2021 tax returns and bank statements as of the petition date as requested by the Trustee. At this time, the Debtors have failed to fully cooperate with the Trustee as required under section 521(a)(3) of the Bankruptcy Code.

5. It appears that the Plan must provide a 100% payment to unsecured creditors. The Plan proposes funding sufficient to provide a distribution of approximately 0% to unsecured creditors. The Plan does not satisfy the requirements of section 1325(a)(4) of the Bankruptcy Code.

6. The Debtors have not adequately proved ownership and the market value of scheduled real property. The Plan does not satisfy the requirements of section 1325(a)(4) of the Bankruptcy Code.

7. Accordingly, the Plan should not be confirmed.

**LEASE TAKE NOTICE** THAT *THIS OBJECTION MUST BE RESOLVED AT LEAST 2 BUSINESS DAYS PRIOR TO THE CONFIRMATION HEARING*. AFTER THAT TIME, THE TRUSTEE MAY DECLINE TO ACCEPT MATERIALS THAT HE HAS REQUESTED FROM THE DEBTORS. THE TRUSTEE MAY DECLINE TO DISCUSS THE CASE AT THE CONFIRMATION HEARING. THE DEBTORS SHOULD EXPECT THAT ANY UNRESOLVED OBJECTION WILL BE HEARD BY THE COURT.

Respectfully submitted,

January 18, 2022

/s/ Timothy P. Branigan
Timothy P. Branigan (Fed. Bar No. 06295)
Chapter 13 Trustee
9891 Broken Land Parkway, #301
Columbia, Maryland 21046
(410) 290-9120

- 3 -

## Certificate of Service

I hereby certify that the following persons are to be served electronically via the CM/ECF system:

Marc A. Ominsky, Esq.

I caused a copy of the pleading above to be sent on January 19, 2022 by first-class U.S. mail, postage prepaid to:

Ahmad W. Taheri
Mahdia Z. Taheri
1 Crownsgate Court
Germantown, MD  20874

/s/ Timothy P. Branigan
Timothy P. Branigan (Fed. Bar No. 06295)
