**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | | |
|---|---|---|
| In re: | * | Case No. 21-17532 MCR |
| Ahmad Waid Taheri, et al. | | |
| | * | |
| Debtors. | | (Chapter 13) |
| | * | |
| * * * * * | * * * * * | |
| Ahmad Waid Taheri, et al. | * | |
| Movants, | * | |
| v. | | |
| | * | |
| Travilah Corner, LLC | | |
| | * | |
| Respondent. | | |
| | * | |

**OPPOSITION TO DEBTORS' MOTION TO AVOID JUDICIAL LIEN**
**OF TRAVILAH CORNER, LLC PURSUANT TO 11 U.S.C. §547**

NOW COMES Creditor Travilah Corner, LLC, by and through their undersigned counsel, and hereby opposes Debtors' motion to avoid the judicial lien of Respondent Travilah Corner, LLC and, in support thereof, states as follows:

    **I.    DEBTORS' REQUEST FOR RELIEF IS PROCEDURALLY DEFECTIVE**

    1.    Debtors, citing F.R.B. 7001(2), are asking this Court to avoid Travilah Corner's judicial lien pursuant to 11 U.S.C. §547.

    2.    F.R.B. 7001(2) states in relevant part that "[a]n adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:…(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property…"

3. F.R.B 7003. Commencement of Adversary Proceeding states that Rule 3 F.R.Civ.P. applies in adversary proceedings which in turn states that "[a] civil action is commenced by filing a complaint with the court."

4. The filing of an Adversary Proceeding is required to commence an action to avoid a judicial lien pursuant to 11 U.S.C. §547.

5. The requirements for the filing of an adversary proceeding to avoid a lien is to give both sides the due process that they deserve by allowing time for full discovery of the claims and any defenses and requiring the Party seeking to avoid the lien to meet its burdon of proof.

6. The abbreviated window of time to respond to a motion does not provide adequate time to conduct discovery that is essential in this case.

7. On January 20, 2021, 1 Crownsgate Ct, Germantown Md (Current Residence of the Debtors) was listed for sale for $770,000.00. (Hereinafter, the "Crownsgate Property")

8. On January 26, 2021, Debtor, Mahdia Zahra Taheri made an offer to purchase The Crownsgate Property for $800,000.00.

9. On February 26, 2021, Debtor, Mahdia Zahra Taheri, closed on the Crownsgate Property with the Deed titled solely in her name.

10. On February 26, 2021, a Mortgage was taken out on the property with a principal balance of $640,000.00.

11. Debtors' Petition in Schedule D – Creditors Holding Secured Claims- identifies the property subject to Travilah Corner, LLC's lien as debtors' personal residence at 1 Crownsgate Ct, Germantown MD and debtors have arbitrarily alleged the property is valued at $609,930.00 without an appraisal.

12. Debtors are alleging that the property that they bought for $30,000 over asking price dropped in value by over $190,000 in approximately 9 months.

13. The value of the property at the time the petition was filed is seriously in dispute and a correct valuation is necessary to protect the interest of creditors.

14. Undersigned counsel has emailed Debtors' counsel twice seeking convenient dates to have the property appraised but have not received a response.

II. **DEBTORS' DO NOT HAVE STANDING TO BRING A SECTION 547 AVOIDANCE**

15. Section 547 is by its express terms a power granted to a "Trustee." Congress chose to vest exclusively in the Chapter 13 Debtor certain powers of a Trustee under § 363. 11 U.S.C. § 1303 (Supp. IV 1980). No other provision of Chapter 13 either expressly or impliedly vests powers of a trustee in the Debtor. Accordingly, aside from the Debtor's avoidance powers otherwise provided for, a Chapter 13 Debtor has no standing to exercise the avoidance powers of a Trustee. See *In re Colandrea*, 17 B.R. 568 (Bankr. Md. 1982).

III. **DEBTORS CANNOT SATISFY EVERY ELEMENT OF A 547 AVOIDANCE**

16. The trustee may avoid:

    a) any transfer
    b) of property of the debtor
    c) to or for the benefit of a creditor
    d) for or on account of an antecedent debt
    e) made while the debtor was insolvent
    f) made within 90 days before filing or, if the transferee creditor was an insider, within one year before filing
    g) that enables such creditor to receive more than the creditor would receive in a Chapter 7 liquidation.

                                                                        11 U.S.C. § 547(b)

17. Each element must be met before a transfer can be avoided.

**A. Debtors were solvent when the Lien was recorded on September 30, 2021.**

18. Debtors applied for car loan for a 2019 Toyota Sienna in October 2021 holding out to the lender that they were solvent and qualified to assume the debt.

19. Debtors applied for another car loan for a 2020 VW Atlas in November 2021 holding out to the lender that they were solvent and qualified to assume the debt.

**B. Debtor's Cannot Satisfy the chapter 7 liquidation analysis**

20. As of the deadline to submit a proof of claim there were unsecured claims of $28,735.00.

21. The market value of the Home is at a minimum the $800,000 it was purchased for in February 2021 (9 month prior to filing the petition in this case).

22. Assuming the outstanding mortgage is $625,411 there would be equity in the amount of $174,589.00. Subtracting a reasonable 8% for the cost of sale ($64,000) and the $28,735.00 of the unsecured claims that leaves an excess of $81,854.00.

23. Creditor Travilah Corner, LLC's claim is $75,701.00. By being a secured creditor, it would not receive more than it would have in a hypothetical Chapter 7 liquidation.

24. The valuation of the property is critical and is seriously in dispute.

25. Debtors' valuation of $609,930.33 for a property that they purchased 9 months prior $30,000 over the asking price strains credulity.

26. The Creditor needs sufficient time to conduct discovery to obtain the proper value of the property.

WHEREFORE, Creditor Travilah Corner, LLC prays that this Court will enter an Order:

(a) Dismissing the Motion as procedurally defective,

(b) Deny the motion for lack of standing,

(c) Deny the motion for failure of the Movant to meet it burden of proof , and

(d) Granting such other and further relief as is just.


February 17, 2022					Respectfully submitted,


							*/s/William D. Day*
							WILLIAM D. DAY (Fed. Bar No. 16710)
							4701 Sangamore Road, Ste. 100N
							Bethesda, MD 20816
							Day@williamdaylaw.com

							Attorney for Travilah Corner, LLC


**CERTIFICATE OF SERVICE**

I hereby certify that the following persons are to be served electronically via the CM/ECF system:

Marc A. Ominsky, Esq. and the Chapter 13 Trustee, Timothy P. Branigan, Esq.


							/s/*William D. Day*
							William D. Day